UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Jesse Daniel Roy Baker-Ottem, | Case No. 19-cv-186 (WMW/DTS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Goodhue County, *et al.,* | |
| Defendants. | |

_____

Jesse Daniel Roy Baker-Ottem, *Pro Se* Plaintiff

Andrew Wolf and Jason Hiveley, Iverson Reuvers Condon, 9321 Ensign Avenue South, Bloomington, MN 55438, for Defendants

_____

Plaintiff Jesse Daniel Roy Baker-Ottem brought claims against Goodhue County and several John/Jane Does alleging that his assignment to an upper bunk at the jail violated the Eighth Amendment. He alleges Defendants disregarded his lower-bunk medical restriction[1] which resulted in injuries from two falls when he tried to climb onto and off of the upper bunk. Defendants moved for dismissal and/or summary judgment on his claims. For the reasons stated below, the Court recommends that Defendants' motion be granted and Baker-Ottem's claims be dismissed with prejudice.

**FINDINGS OF FACT**

Baker-Ottem was transferred from the Minnesota Correctional Facility-Faribault (MCF-Faribault) and booked into the Goodhue County Adult Detention Center ("ADC") on April 7, 2017. Compl. ¶ 9, Docket No. 1-1; Answer ¶ 10, Docket No. 2. The

---

[1] Baker-Ottem's complaint calls it a "lower-bunk restriction," while Defendants call it an "upper-bunk restriction." For the sake of consistency, the Court will use the term "lower-bunk restriction."

Transportation Report states that Baker-Ottem had an upper bunk at MCF-Faribault. Wolf Affid. Ex. 13, Docket No. 46-13. An April 21, 2017 ADC Medical History form states that he reported no physical health issues or medical complaints. *Id.* Ex. 16, Docket No. 46-16. Baker-Ottem was assigned a lower bunk when he first arrived at the ADC. Agre Affid. Ex. 1 (housing records), Docket No. 42-1. At other times he was assigned an upper bunk. *Id.* ¶ 4 and Ex. 1, Docket Nos. 42, 42-1. ADC policy during the relevant time period stated that an inmate could be recommended for a lower-bunk assignment if his health could be jeopardized by being in an upper bunk. *Id.* ¶ 2.

On January 13, 2018 Baker-Ottem was assigned to an upper bunk. *Id.* Ex. 1, Docket No. 42-1. The acting Housing Deputy Tabatha Manke assigned him an upper bunk after checking the E-Unit Formal Count log and finding no restrictions preventing him from being placed in an upper bunk and no recommendation that he be given a lower bunk. Manke Affid. ¶¶ 2-3 and Ex. 1, Docket Nos. 43, 43-1. Baker-Ottem asked for a lower bunk but did not give any reasons beyond asserting he had been recommended for a lower-bunk assignment. *Id.* ¶ 2.

The following day, January 14, Baker-Ottem reported to Detention Deputy Timothy Sullivan that several hours earlier he had injured his arm when he fell while using a chair to climb onto his bunk. Sullivan Affid. ¶¶ 2-3, Docket No. 44. Sullivan examined his arm, checked his vitals, and assessed the arm for deformity, range of motion, and loss of function. *Id.* ¶ 4. Aside from some pain, everything was normal and there was no loss of function in his arm. *Id.* ¶ 5. Sullivan made a record of his interaction with Baker-Ottem on a medical protocol form. *Id.* ¶¶ 6-7 and Ex. 1, Docket Nos. 44, 44-1. He used the form for "Fractures, Dislocations, Sprains" because it was a closer fit

than other protocols, even though there was no indication Baker-Ottem had suffered a fracture, dislocation, or sprain. *Id.* ¶ 6. Sullivan forwarded the protocol to the health unit so they could follow up with Baker-Ottem for any medical care. *Id.* ¶ 8 and Ex. 2, Docket Nos. 44, 44-2.

A day later Baker-Ottem fell off the upper bunk. Compl. ¶ 13, Docket No. 1-1; Minter Decl. Ex. 1 (incident report), Docket No. 45-1. Detention Deputy Jack Novak was approaching Baker-Ottem's cell to serve lunch and saw the fall. *Id.* Detention Deputy Sergeant Denise Minter arrived with a nurse who provided care. *Id.* Baker-Ottem reported he felt dizzy and shaky and his stomach hurt. *Id.* He did not show signs of a concussion and the nurse thought he would be alright. *Id.* When the nurse asked whether he had any other injuries, he showed her a mark on his arm and said it happened yesterday. *Id.* Upon leaving the E- Unit, the nurse told Sgt. Minter that the injury on his arm was an older mark, not something that happened only a day earlier. *Id.* Baker-Ottem's roommate switched bunks with him so Baker-Ottem could be on the lower bunk. Sgt. Minter stated in her affidavit that Baker-Ottem did not have a lower-bunk restriction and that she never told him or the nurse that he had such a restriction. Minter Affid. ¶ 3, Docket No. 45.

The record indicates Baker-Ottem did not have a medical restriction at the ADC stating he must be assigned to a lower bunk. Baker-Ottem did not submit any evidentiary materials in opposition to the motion to dispute this evidence.

He was transferred back to MCF-Faribault in early March 2018. Wolf Affid. Ex. 38, Docket No. 46-38.

3

Baker-Ottem commenced this lawsuit in Goodhue County District Court, and Defendants removed it to federal court. Docket Nos. 1, 1-1. The parties engaged in written discovery and motion practice, and Defendants deposed Baker-Ottem on October 19, 2019. *See, e.g.,* Docket Nos. 1-1, 14, 46-4. Defendants then brought a motion for dismissal and/or summary judgment. Docket No. 38. Baker-Ottem did not file any written opposition to the motion and did not appear at the January 21, 2020 hearing. *See* Hearing Minutes, Docket No. 49. He did not request any extension of deadlines or otherwise communicate with the Court.

## CONCLUSIONS OF LAW

Baker-Ottem's Complaint alleges that, when he arrived at the ADC, he had a lower-bunk restriction due to physical limitations resulting from past injuries. Compl. ¶ 9, Docket No. 1-1. He contends his assignment to an upper bunk on January 13, 2018, was done in deliberate disregard of his lower-bunk restriction and with deliberate indifference to his health and safety in violation of the Eighth Amendment. *Id.* ¶¶ 10, 15-18. Baker-Ottem asserts corrections officials told him to use a plastic chair as a ladder to reach the upper bunk and that the jail had a custom of telling inmates to use plastic chairs in this way. *Id.* ¶¶ 10-11, 19, Count 5.

**I.   Standard of Review**

Defendants brought this motion for dismissal under Rule 12(b)(6) and/or for summary judgment under Rule 56 asserting various grounds and doctrines to establish that Baker-Ottem's claims fail as a matter of law.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead sufficient facts, accepted as true, to state a claim for relief that is plausible on its face.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555)*.* Although a *pro se* complaint is liberally construed, it must still contain specific facts sufficient to support its legal conclusions. *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981). Thus, while a court accords deference to *pro se* pleadings, it will not supply facts that are not alleged that might support the plaintiff's claim. *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of identifying the basis for its motion and the portions of the record that it believes demonstrates the absence of a genuine dispute of material fact. *Bedford v. Doe,* 880 F.3d 993, 996 (8th Cir. 2018). Once the moving party satisfies the initial burden, the nonmoving party must respond by submitting evidentiary materials of specific facts showing the presence of a genuine issue for trial. *Id.* at 997. The nonmoving party must do more than raise some metaphysical doubt about the material facts and cannot rest on mere denials or allegations. *Id.* Rather, he must present enough evidence so that a jury could reasonably find in his favor. *Id.*

## II. Baker-Ottem's Failure to Respond or Appear

After filing his lawsuit, Baker-Ottem actively litigated the case, serving discovery, bringing a discovery motion, and being deposed by Defendants. However, after Defendants brought their motion, he failed to file any written response and did not appear at the hearing. He also did not request any extension of the deadline or

otherwise communicate with the Court. His failure to respond constitutes a waiver and, on that basis alone, Defendants' motion should be granted. *See Christensen v. PennyMac Loan Servs., LLC*, 988 F.Supp.2d 1036, 1042 (D. Minn. 2013) (citing cases). The Court will nonetheless consider the motion on its merits.[2] *See id.*

## III. Doe Defendants

Defendants move to dismiss as defendants the "various unnamed County employees." Def. Br. 15-16, Docket No. 40. A plaintiff generally may not name fictitious parties as defendants in federal court. *Perez v. Does 1-10,* 931 F.3d 641, 646 (8th Cir. 2019). However, an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the party's identity to be ascertained after reasonable discovery. *Id.*

Baker-Ottem's Complaint asserted claims against six unnamed or partially named defendants, in addition to Goodhue County. Two of them, Tabatha Manke and Steve Schreiber, filed an Answer to the Complaint. Docket No. 4. Discovery has closed, and Baker-Ottem has not filed anything with the Court to identify the remaining unnamed defendants. Accordingly, the Court recommends the unnamed defendants be dismissed with prejudice from this lawsuit.

## IV. Claims for Equitable Relief

In addition to his damages claim, Baker-Ottem asked the Court to order the Goodhue County jail to install ladders and handrails to the bunk beds. Compl. Sec. VI Prayer for Relief ¶ 2, Docket No. 1-1. However, claims for injunctive relief are moot once

---

[2] At the hearing the Court asked Defendants whether they wanted a Rule 41(b) dismissal for Baker-Ottem's failure to appear and prosecute his lawsuit, or a decision based on written submissions. Defendants chose the latter.

the individual is transferred to another facility or no longer subject to the unlawful conduct or conditions at issue. *Gladson v. Iowa Dep't of Corrections,* 551 F.3d 825, 835 (8th Cir. 2009). At the time he brought this lawsuit and at the time of Defendants' motion, Baker-Ottem was confined at MCF-Faribault, not the ADC. *See* Compl. signature page, Docket No. 1-1 at 14; Defendants' Certificate of Service (Dec. 2, 2019) of motion papers, Docket No. 48. In addition, his anticipated release date was December 23, 2019. Goodhue County Answer ¶ 15, Docket No. 2.[3] Accordingly, his claims for injunctive relief should be denied as moot.

## V.     Medical Negligence

Baker-Ottem's Complaint fails to state a claim for medical negligence. Counts 1 and 2 [Compl. ¶¶ 15-17] are entitled "Medical Negligence" but do not allege negligent medical care. Rather, in essence they re-state Baker-Ottem's Eighth Amendment "deliberate indifference" claims that Defendants' disregard of his alleged lower-bunk medical restriction placed his health and safety at risk. Moreover, his allegations in Counts 1 and 2 are against Detention Deputies, not health care providers.[4] In addition, even if he had pleaded a plausible claim, he did not satisfy the requirements of Minn. Stat. § 145.682. Specifically, he did not serve a medical review affidavit or, alternatively, submit any argument to the Court that § 145.682 does not apply because expert testimony is not necessary to establish a prima facie case of medical negligence. For all these reasons, Baker-Ottem's medical negligence claims fail as a matter of law. *See*

---

[3] Court mail sent to Baker-Ottem at MCF-Faribault in January 2020 was returned, and he has not provided the Court with any updated address for this lawsuit.
[4] Medical care at the jail is provided by medical professionals employed by Advanced Correctional Healthcare. *See* Duffing Decl. ¶¶ 1-2, 4, Docket No. 41; Defs. Br. 6 n.1, Docket No. 40.

Fed. R. Civ. P. 12(b)(6); *see also Chizmadia v. Smiley's Point Clinic*, 873 F.2d 1163, 1164 (8th Cir. 1989) (failure to comply with § 145.682 results in mandatory dismissal with prejudice).

## VI.   Qualified Immunity

Qualified immunity protects government officials from liability for civil damages in § 1983 actions insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Small v. McCrystal,* 708 F.3d 997, 1003 (8th Cir. 2013) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A government official is entitled to qualified immunity unless (1) the official violated a plaintiff's constitutional or statutory right and (2) that right was clearly established at the time of the violation. *Morgan v. Robinson*, 920 F.3d 521, 523 (8th Cir. 2019) (en banc). Both prongs of the analysis must be answered affirmatively in order to defeat qualified immunity, and a court has sound discretion to decide which prong to address first. *Id.*

The factual premise of Baker-Ottem's Eighth Amendment claims is that government officials disregarded his lower-bunk restriction, which put his health and safety at risk.[5] The Court has found the evidence establishes that he did not have a lower-bunk restriction; therefore, his premise cannot support any claim for a violation of a constitutional right. Accordingly, the government officials are entitled to qualified immunity.

---

[5] If he intended to develop some other aspect of his Eighth Amendment claim regarding risk to himself from an upper-bunk assignment, he waived any such arguments by failing to respond to Defendants' motion.

### VII. Municipal Liability

Baker-Ottem alleges that "telling inmates with physical limitations to use a plastic chair for a ladder [to access upper bunks] is a custom in the facility [ADC]." Compl. ¶¶ 10, 19, Count 5, Docket No. 1-1. A municipality may be held liable under § 1983 for a constitutional violation that resulted from an unofficial custom. *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690-91 (1978). The constitutional violation alleged by Baker-Ottem is that officials disregarded his lower-bunk restriction in violation of the Eighth Amendment. However, the Court found he did not have a lower-bunk restriction and thus his Eighth Amendment claim fails as a matter of law. Likewise, absent a constitutional violation, Baker-Ottem's claim for municipal liability fails.

### RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS that Defendants' Motion to Dismiss and/or for Summary Judgment [Docket No. 38] be GRANTED and this action be dismissed with prejudice.

Dated: April 17, 2020

                                                s/David T. Schultz_____
                                                DAVID T. SCHULTZ
                                                United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).